IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ZCO Liquidating Corporation (f/k/a/ Technology Group, Inc.),<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 13-13126-LSS |
| Leo Jegen, Vincent M. Monnier, Shih Leng Tan, and Len C. Villacres,<br><br>Appellants,<br><br>v.<br><br>Liquidation Trustee of the ZCO Trust,<br><br>Appellee. | Civil Action No. 14-1448-RGA |

## **MEMORANDUM ORDER**

At Wilmington on this 3 day of August 2015, this matter before the Court on the appeal of Leo Jegen, Vincent M. Monnier, Shih Leng Tan, and Len C. Villacres (D.I. 1) from the November 10, 2014 Order of the United States Bankruptcy Court for the District of Delaware, and having considered the parties' responses submitted to the Court's questions regarding mootness (D.I. 17, 18, 20),

IT IS HEREBY ORDERED that:

1. This matter is remanded to the Bankruptcy Court with instructions to **VACATE** its November 10, 2014 Order Enforcing the Automatic Stay (D.I. 1-1) and **DISMISS** Appellee's Motion (Bankr. Case No. 13-13126, D.I. 709) as **MOOT**.

Background. Appellants initiated a class action lawsuit in the United States District Court for the Northern District of California against Debtor for alleged violations of the Securities Exchange Act of 1934. (*Id.*, at ¶ 6; *see In re OCZ Technology Group, Inc. Shareholder Derivative Litigation*, C.A. No. 12-cv-5556-RS). Debtor filed for chapter 11

bankruptcy relief on December 2, 2013, which stayed the class action under 11 U.S.C. § 362(a). (D.I. 11, at p. 2). On July 30, 2014, the Bankruptcy Court confirmed Debtor's Plan of Liquidation, which took effect on August 18, 2014. (D.I. 11, at ¶ 19). On September 11, 2014, Appellants filed a notice of voluntary dismissal of Debtor and a motion to approve a settlement in the California Court. (*Id.*, at ¶¶ 20–21; D.I. 13, at ¶ 33). The Trustee, convinced that the § 362 automatic stay still remained in effect, filed a motion in the Bankruptcy Court to enforce the stay and award damages against Appellants for violating the stay under 11 U.S.C. § 362(k). (Bankr. Case No. 13-13126, D.I. 709). The Bankruptcy Court issued the November 10, 2014 Order staying the California securities class action for 120 days, but did not rule on the damages issue. (D.I. 1-1, at 2–3). Appellants filed a timely notice of appeal from that Order in this Court. (D.I. 1). The 120-day stay expired on March 10, 2015. The Court then directed the parties to respond to whether the expiration of that stay mooted this appeal. (D.I. 16).

Contentions. The Trustee argues that since the 120-day stay has expired, the Court can no longer provide meaningful relief and the appeal is therefore moot. (D.I. 17). Appellants claim that since the Trustee has renewed the motion for damages for violating the stay in the Bankruptcy Court, whether the stay was properly in effect is still a live issue. (D.I. 18, at p. 2).

Standard of Review. Constitutional mootness is a threshold question for determining whether this Court has proper appellate jurisdiction. *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007). This jurisdictional prerequisite arises from the "case or controversy" requirement of Article III of the United States Constitution. *Id.*; *see* U.S. Const. art. III, § 2, cl. 1. "[A]n appeal is moot in the constitutional sense only if events have taken place during the pendency of the appeal that make it 'impossible for the court to grant any effectual relief whatever.'" *In re Cont'l Airlines*, 91 F.3d 553, 558 (3d Cir. 1996) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

2

Discussion. Bankruptcy appeals from orders granting a stay are particularly susceptible to constitutional mootness when the stay terminates before the district court can engage in appellate review. *See, e.g., In re Ponton*, 446 F. App'x 427, 429 (3d Cir. 2011). In this case, the 120-day stay terminated automatically. Opining on whether the Bankruptcy Court correctly granted that stay would be merely advisory since the 120-day stay will remain terminated despite the outcome of this Court's review. Appellants' argument regarding the Trustee's renewed motion for damages does not upset this conclusion. The alleged violations occurred on September 11, 2014, prior to the Bankruptcy Court's issuance of the 120-day stay on November 10, 2014. (Bankr. Case No. 13-13126, D.I. 767, at ¶¶ 37, 51). If Appellants are liable for a stay violation, it will be for violating the § 362 automatic stay, which was arguably still in effect on September 11, 2014. The Bankruptcy Court's subsequent November 10, 2014 Order did not determine whether the automatic stay had been in effect on September 11, 2014 or whether Appellants had committed a violation. Upholding or reversing that Order will have no impact on the issue of 11 U.S.C. § 362(k) damages. The Court concludes that this appeal is therefore moot. "The proper disposition when a case becomes moot on appeal is an order vacating the lower court's judgment." *Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc.*, 721 F.2d 904, 907 n.4 (3d Cir. 1983). This procedure "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950).

Conclusion. The Court will remand this matter to the Bankruptcy Court with instructions to vacate the November 10, 2014 Order (D.I. 1-1) and dismiss the Trustee's Motion to Enforce the Stay. (Bankr. Case No. 13-13126, D.I. 709).

August 3, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

3